UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60307-SMITH/VALLE

LAMBERT WRIGHT,

    Plaintiff,

v.

WASTE PRO OF
FLORIDA, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon the Parties' Joint Brief in Support of Approval of Settlement (the "Motion"). (ECF No. 28). U.S. District Judge Rodney Smith has referred the Motion to the undersigned to conduct a fairness hearing pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). (ECF No. 9).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory overtime provision. (ECF No. 1); *see* 29 U.S.C. § 201 *et seq*. On September 13, 2022, the parties settled the case before the undersigned. (ECF No. 25). The instant Motion followed. (ECF No. 28).

Before the Court can dismiss this case and approve a settlement of the FLSA claims, the Court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the

amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the parties filed the Settlement Agreement. (ECF No. 28-1). The Court has scrutinized the terms of the Settlement Agreement and considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The Court also considered that Plaintiff's claims were disputed as to liability and that all parties were represented by counsel. Lastly, the Settlement Agreement specifies the portion of the settlement amount to be paid to Plaintiff.[1] Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* FLSA dispute.

## RECOMMENDATION

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that:

(i)  the Motion be **GRANTED**, and the Settlement Agreement be **APPROVED**;

(ii) the case be **DISMISSED WITH PREJUDICE**;

(iii) the Court retain jurisdiction solely for the purpose of addressing any motions for

---

[1] The parties could not agree on the amount of Plaintiff's counsel's attorney's fees during the September 13, 2022 settlement conference before the undersigned. Accordingly, the Settlement Agreement states that Plaintiff's counsel will separately pursue attorney's fees by filing a motion with the Court. *See* (ECF No. 28-1 at 3).

attorney's fees that Plaintiff's counsel may file.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on October 27, 2022.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
     All Counsel of Record